UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                                Case No. 18-mc-50855

WAUKEEM SPRAGGINS,                            HON. AVERN COHN

    Defendant/Petitioner.
_____/

**MEMORANDUM AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT/PETITIONER'S
MOTION FOR RETURN OF SEIZED PROPERTY (Doc. 1)**

I.  Introduction

Before the Court is Defendant/Petitioner Waukeem Spraggins' Motion for Return of Seized Property (Doc. 3).  Spraggins plead guilty to conspiracy to commit wire fraud relating to his role in an interstate car theft ring.  In 2015, Spraggins was sentenced by the undersigned to 90 months imprisonment followed by three years of supervised release.  See United States v. Spraggins, 15-20111.  Spraggins seeks the return of various items of property that he claims were seized by federal agents.  The government filed a response.  (Doc. 3).  For the reasons that follow, the motion will be granted in part and denied in part.

II.  Legal Standard

Fed. R. Crim. P. 41(g) provides:

(g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized.

The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A motion under Fed. R. Crim. P. 41(g) is treated as a civil action in equity when commenced after the conclusion of the criminal proceedings. United States v. Dusenbery, 201 F.3d 763, 768 (6th Cir. 2000). Once forfeiture proceedings have been initiated and the property owner has been notified, an owner may not sue Rule 41(g) but must submit to the procedures governing civil forfeitures. United States v. One 1974 Learjet 24D, Serial Number 24D–290, Mexican Registration XA–RMF, 191 F.3d 668, 673 (6th Cir. 1999). "Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations ... Nonetheless, federal courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice." United States v. Campbell, 3 Fed. App'x 381, 383 (6th Cir. 2001).

Finally, where there is no evidence that the property "was ever in the possession of a federal government agent or agency," federal courts lack subject matter jurisdiction. United States v. Oguajo, 107 F. App'x 541, 543 (6th Cir. 2004); United States v. Obi, 100 F. App'x 498, 499 (6th Cir. 2004).

III. Discussion

The items seized during execution of the search warrant are attached as Exhibit A. The list includes several cell phones and various documents. In his motion, Spraggins is seeking return of "all property" and specifically requests the return of his driver's license.

2

The government says it is willing to return the cell phones provided Spraggins or his attorney contact the FBI Special Agent Paul Cruz at (216) 522-1400 to arrange an agreed upon method of release.

As to the drivers license, the government says it is not in possession of the driver's license so it is not in a position to return it. The Court notes that the list of items seized does not mention a driver's license. As such, there is no basis to order the government to return the driver's license.

As to the other items seized, all of which appear to be documents, Spraggins may request their return from the FBI Special Agent Paul Cruz. If the government is unwilling to return the documents, Spraggins shall notify the Court and the government will have to respond as to why the documents cannot be returned.

IV. Conclusion

Spraggins' motion is GRANTED IN PART AND DENIED IN PART. The government shall return the cell phones.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2018
      Detroit, Michigan